IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN L. McCONVILLE,

    Plaintiff,

    v.                                       CASE NO. 19-3080-SAC

NICOLE ENGLISH, Warden,
USP-Leavenworth,

    Defendant.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jonathan L. McConville is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 while confined in the Leavenworth Detention Center in Leavenworth, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis* and directed him to submit an initial partial filing fee. (Doc. 4.) Plaintiff filed a motion (Doc. 7) requesting a thirty-day extension of time to pay the initial partial filing fee due to his recent transfer. For good cause shown, the Court will grant the extension.

Plaintiff alleges in his Complaint that while he was incarcerated at USP-Leavenworth, Defendant English used a BOP policy to hold him in solitary confinement from April 30, 2014, until April 12, 2018, when he was released from BOP custody. Plaintiff was informed that he was being investigated for an assault that occurred on April 24, 2014. Plaintiff was not indicted and did not receive an incident report regarding the assault. Plaintiff alleges that the time he "spent in solitary confinement had a huge emotional, physical and most importantly a

psychological impact on [him]." (Doc. 1, at 3.) Plaintiff alleges that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fifth Amendment right to due process. Plaintiff names Warden English as the sole defendant and seeks "adequate counseling/treatment/medication ($237,500)."

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff raised the same claims that he raises in this case in *McConville v. English*, Case No. 17-3143-EFM-TJJ. In that case, Plaintiff requested injunctive relief in the form of an explanation as to why he was being held in solitary confinement, an order to be released to general population, and alternatively, transfer to another institution. The Court granted Defendant English's Motion to Dismiss for Lack of Jurisdiction, finding Plaintiff's claims were moot because Plaintiff completed his term of imprisonment on April 12, 2018, and was currently on supervised release. *Id.* at Doc. 37 (D. Kan. June 8, 2018).

Plaintiff raises the same claims in this case, although it is unclear whether Plaintiff is seeking injunction relief (in the form of counseling/treatment/medication) and/or monetary damages. To the extent Plaintiff continues to seek injunctive relief, his claims against Defendant English are moot because he is no longer incarcerated at USP-Leavenworth. In addition, any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 28, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 7) seeking an extension of time to pay the initial partial filing fee is **granted.** Plaintiff shall have until **June 24, 2019,** in which to pay the initial partial filing fee of $16.00.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 28th day of May, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**